**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1879-20

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

NAKESSE Q. ARMSTRONG,

    Defendant-Appellant.

_____

Submitted June 2, 2022 – Decided July 5, 2022

Before Judges Gilson and Gooden Brown.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 14-04-1156.

Joseph E. Krakora, Public Defender, attorney for appellant (Anthony J. Vecchio, Designated Counsel, on the brief).

Matthew J. Platkin, Acting Attorney General, attorney for respondent (Sara C. Hunt, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Nakesse Armstrong appeals from a May 11, 2020 order denying his petition for post-conviction relief (PCR) after oral argument but without an evidentiary hearing. Because defendant failed to establish a prima facie showing of ineffective assistance of counsel, we affirm.

Over a six-and-a-half-week period during August and September 2013, eight gas stations in Camden County were robbed. Defendant and two codefendants were indicted for armed robberies, attempted robberies, conspiracies to commit robbery, aggravated assaults, and weapons offenses related to those robberies.

Defendant moved to suppress a handgun and clothing seized from his apartment without a warrant. A two-day evidentiary hearing was conducted before two different judges. The first judge heard testimony from the State's witnesses on the first day of the hearing but was not available for the second day because of medical reasons. Accordingly, another judge presided on the second day and heard testimony from defendant's only witness and arguments of counsel. Thereafter, the first judge entered an order denying the motion and supported that ruling with a written statement of reasons.

Following the denial of his motion to suppress, defendant pled guilty to seven counts of first-degree armed robbery, N.J.S.A. 2C:15-1, and one count of

A-1879-20

second-degree robbery, N.J.S.A. 2C:15-1(a)(2). In accordance with a negotiated plea agreement, defendant was sentenced to concurrent prison terms of fifteen years for the first-degree robbery convictions and seven years for the second-degree robbery conviction. The prison terms were subject to a period of parole ineligibility, followed by parole supervision, as prescribed by the No Early Release Act, N.J.S.A. 2C:43-7.2.

Defendant filed a direct appeal and contended that the trial court erred in denying his motion to suppress the physical evidence seized from his apartment. We rejected that argument and affirmed defendant's convictions and sentence. State v. Armstrong, No. A-0817-16 (App. Div. Dec. 7, 2018). Defendant did not file a petition for certification to the Supreme Court.

In August 2019, defendant, representing himself, filed a petition for PCR. He was assigned PCR counsel, who submitted additional papers on defendant's behalf. Defendant contended that the two attorneys who had represented him in the trial court were ineffective for failing to request a new suppression hearing when the judge who heard the first day of testimony was not available on the second day of the hearing. Defendant also argued that his counsel did not review discovery or discuss trial strategy with him and pressured him into pleading guilty.

A-1879-20

On May 11, 2020, the PCR court heard oral arguments on the petition. That same day, the court denied the petition, explained the reasons for its ruling on the record, and entered an order. The PCR court found that defendant was not prejudiced when a second judge presided over the second day of the suppression hearing. The court found that both judges had access to the evidence presented and defendant failed to show any prejudice. The PCR judge also found no evidence supported defendant's contention that his counsel gave him inadequate advice or pressured him into entering a guilty plea.

On this appeal, defendant makes one argument with two sub-arguments, which he articulates as follows:

> I. THE PCR COURT ERRED IN NOT GRANTING DEFENDANT AN EVIDENTIARY HEARING WHERE DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.
>
> > A. Trial counsel was ineffective for failing to request a new suppression hearing after the original Judge was unable to continue because of health issues.
> >
> > B. Trial counsel was ineffective for failing to provide adequate legal advice to defendant.

When no evidentiary hearing is conducted by the PCR court, appellate courts review the denial of a PCR petition de novo. State v. Harris, 181 N.J. 391, 420-21 (2004); State v. O'Donnell, 435 N.J. Super. 351, 373 (App. Div. 2014). A PCR court's decision to proceed without an evidentiary hearing is

reviewed for an abuse of discretion.  State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013).

A petitioner is not automatically entitled to an evidentiary hearing.  State v. Porter, 216 N.J. 343, 355 (2013).  Rule 3:22-10 provides that a defendant is entitled to an evidentiary hearing on a PCR petition only if he or she establishes a prima facie case in support of PCR, material issues of disputed fact cannot be resolved by reference to the existing record, and an evidentiary hearing is necessary to resolve the claims for relief.  Porter, 216 N.J. at 354 (quoting R. 3:22-10(b)).  The PCR court should grant an evidentiary hearing "if a defendant has presented a prima facie claim in support of post-conviction relief."  State v. Preciose, 129 N.J. 451, 462 (1992).

To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-part Strickland test:  (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" and (2) "the deficient performance prejudiced the defense."  Strickland v. Washington, 466 U.S. 668, 687 (1984) (quoting U.S. Const. amend. VI); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-prong test in New Jersey).

Defendant argues his trial counsel was ineffective in failing to request a new suppression hearing. He contends that the judge who presided over the second day of the hearing relied on a summary of the State's witnesses' testimony provided by the prosecutor, the summary contained errors, and his counsel should have requested a new suppression hearing. We reject that argument for two reasons.

First, defendant is procedurally barred from raising this argument because he should have made the argument on his direct appeal. Under Rule 3:22-3, PCR proceedings are not a substitute for a direct appeal. The New Jersey Supreme Court has explained that PCR petitions "cannot be used to circumvent issues that could have[] but were not raised on appeal" unless the circumstances satisfying one of three exceptions exist. State v. Afanador, 151 N.J. 41, 50 (1997). Those exceptions are:

> (1) that the ground for relief not previously asserted could not reasonably have been raised in any prior proceeding; or (2) that enforcement of the bar to preclude claims, including one for ineffective assistance of counsel, would result in fundamental injustice; or (3) that denial of relief would be contrary to a new rule of constitutional law under either the Constitution of the United States or the State of New Jersey.
>
> [R. 3:22-4(a)(1)-(3).]

None of those exceptions apply here and, therefore, defendant is procedurally barred from raising this argument belatedly. When defendant filed his direct appeal, he was aware that two judges had presided over his suppression hearing. Enforcement of the bar would not result in a fundamental injustice because defendant has made no showing that he was not guilty. Finally, defendant's argument is not based on a new rule of constitutional law.

Second, even if we were to consider the substance of defendant's arguments concerning the suppression hearing, the argument has no merit. Under Rule 1:12-3, another judge may be assigned to a case "[i]n the event of the disqualification or inability for any reason of a judge to hear any pending matter before or after trial." Moreover, if a judge can no longer continue to preside over proceedings, "another judge may be designated to complete the trial as if having presided from its commencement," provided the new judge "is able to become familiar with the proceedings and all of the testimony . . . through a complete transcript." R. 1:12-3(b).

The record from the suppression hearing establishes that defendant suffered no prejudice from a second judge hearing testimony on the second day of the hearing. Ultimately, the first judge who heard all the State's witnesses made the ruling on the motion to suppress. That judge had access to the

recordings of the second day of testimony and argument. There is nothing in the record indicating that either judge relied on summaries of testimony prepared by the prosecutor.

Defendant also argues that the counsel who represented him when he pled guilty provided him with inadequate legal advice. He asserts that his attorney never reviewed discovery with him or discussed trial strategies; instead, he contends that his counsel pressured him to pleading guilty.

Defendant's contentions are rebutted by his sworn testimony given when he pled guilty. At the plea hearing, defendant confirmed under oath that he had reviewed his plea forms with his attorney and had read, understood, and truthfully answered all questions on the forms; that he was pleading guilty voluntarily; and that he had not been threatened, forced, or promised anything beyond the terms of the plea agreement. Indeed, when defendant indicated he had a question about the sentence recommended by the prosecutor, the court gave defendant time to discuss the plea with his counsel. Thereafter, defendant confirmed that he had sufficient time to discuss the charges against him and the proposed plea agreement with counsel, that counsel had answered all his questions, and that he was satisfied with the advice he received. After providing

8

a factual basis for his pleas, defendant pled guilty, and the judge found that he did so knowingly and voluntarily.

In short, defendant has not established a prima facie showing of either prong of the <u>Strickland</u> test. We, therefore, reject his arguments on this appeal.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9

A-1879-20